# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEONTE SNOWDEN,

        Petitioner,    :    Case No. 3:20-cv-463

- vs -        District Judge Walter H. Rice
        Magistrate Judge Michael R. Merz

ED SHELDON, WARDEN,
  Allen Correctional Institution,

        :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND

This habeas corpus case is before the Court on Petitioner's Motion to Amend or Make Additional Findings (ECF No. 7). Pursuant to the Court's Order, Petitioner has timely supplemented that Motion, which the Court considers under the standards applicable to motions to amend a judgment under Fed.R.Civ.P. 59(e).

On initial review under Habeas Rule 4, the Magistrate Judge recommended dismissal because merits review of Grounds One and Two was barred by *Stone v. Powell*, 428 U.S. 465 (1976), and the state appellate court decision on Ground Three (ineffective assistance of trial counsel) was not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984)(Report, ECF No. 2).

1

**Recent Litigation History**

The Report was filed and served November 18, 2020, and had the standard appended Notice that objections were due to be filed in seventeen days. *Id.* at PageID 31. Thus objections were due to be filed by December 7, 2020, accounting for an intervening weekend. When no objections had been received by a week later, Judge Rice adopted the Report and dismissed the case on December 15, 2020 (ECF Nos. 3 and 4).

In a filing received by the Clerk on December 16, 2020, Snowden claims he did not receive a copy of the Report and only found out about it when his family checked the docket (ECF No. 5). Snowden asked for forty-five days to prepare objections. The filing has an undated Certificate of Service but is postmarked December 14, 2020. Under the prison mail box ruled, the document is deemed filed December 14, 2020. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). That was seven days after it was due to be mailed.

The docket reflects that the Report was indeed mailed to Snowden by regular mail on November 18, 2020, and it has not been returned by the Postal Service. Nonetheless, the Magistrate Judge ordered the Clerk to reserve the Report by certified mail and ordered Snowden to supplement his Motion to Amend with any substantive objections he had to the Report (ECF No. 8). He has now done so, making his Motion to Amend ripe for decision.

## Analysis

The docket reflects proper service of the Report. Snowden's position taken in his instant filing, Objections To Magistrate's Report And Recommendation And Supplemental To Petitioner's

2

Motion To Amend Or Make Additional Findings ("Supplement" ECF No. 12), should be evaluated under the standards applicable under Fed.R.Civ.P. 59(e), rather than *de novo*, which would be the case on District Judge review of timely-filed objections.

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Snowden presents no new evidence and cites no intervening change in the law, so the question is whether the adopted Report contains a clear error of law.

**Fourth Amendment Claims**

Grounds One and Two of the Petition assert the police violated Snowden's Fourth Amendment rights in collecting cellphone information about him after he fled to the southwest from the murder scene. The Report relied on *Stone v. Powell* and a review of Ohio Second District

3

Court of Appeals decision in this case (*State v. Snowden*, 2019-Ohio-3006 (Ohio App. 2nd Dist. Jul. 26, 2019)) to decide habeas review of the first two grounds was barred because Snowden had received a full and fair opportunity to litigate his Fourth Amendment claims in the Ohio courts (Report, ECF No. 2, PageID 26-27).

Snowden's Supplement discusses at some length opinions of various circuit courts on the ambiguity of "full and fair opportunity" in *Stone*. This Court, however, is governed by the Sixth Circuit's published decision in *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Judge Donovan's opinion for the Second District makes it clear Snowden had a full and fair opportunity to litigate his Fourth Amendment claims. He was indicted July 14, 2016, but his first trial in November 2017 ended in a hung jury. *Snowden*, ¶ 12. Remaining in jail, he attempted to bribe a witness from the first trial to change her testimony. *Id.* at ¶ 13. A "B" indictment for this misconduct was added to the case March 23, 2018. *Id.* at ¶ 14. The case was set for trial on July 2, 2018.

> On June 26, 2018, Snowden filed a motion for leave to a file a motion to suppress accompanied by a proposed motion to suppress, based upon the authority of *Carpenter v. United States,* __ U.S. _, 138 S.Ct. 2206, 201 L.Ed.2d 507 (2018). The trial court granted

4

>Snowden's motion for leave on July 2, 2018. The trial court held a hearing on Snowden's motion to suppress on July 9, 2018, immediately prior to the beginning of his second trial. After hearing from both parties, the trial court overruled Snowden's motion to suppress from the bench.

*Snowden*, ¶ 14.

Snowden's trial attorney needed permission to file to suppress when he did because such motions are ordinarily required to be filed much longer before trial, particularly if an evidentiary hearing needs to be held. But the attorney cannot be faulted for delay because the motion to suppress relied entirely on *Carpenter* which had been handed down by the Supreme Court only four days earlier, on June 22, 2018[1].

The trial judge did not analyze the applicability of *Carpenter* in denying the motion to suppress from the bench. In its decision, the Second District found this was error and performed an analysis under *Carpenter*. It concluded that gathering of cell site data required a warrant, but the failure to obtain one in this case was excused by the exigent circumstances faced by police, mainly that the underlying crime was a murder. *Snowden*, ¶¶ 18-41. It also found the police were entitled to rely on the good faith exception because, at the time they acted in 2016, what they did was lawful under both state and federal law. *Id.*

In sum, Snowden's Fourth Amendment claims were based entirely on *Carpenter* and received thorough consideration on the merits in the Court of Appeals. A completely adequate factual record for deciding those claims was developed at trial. Snowden received the "full and fair opportunity" prescribed by *Stone* and *Riley* to litigate his Fourth Amendment claims in the state courts. There was no manifest error of law in reaching this conclusion.

---

[1] Intentional changes in methods of proceeding often take years to be widely adopted. See Everett M. Rogers, Diffusion of Innovations (5th ed.). The Supreme Court abandoned the usage "cause of action" for "claim for relief" in pleadings when it adopted the Civil Rules in 1938, but the plaintiffs' death penalty bar still pleads in terms of "causes of action" in this Court.

5

**Ineffective Assistance of Trial Counsel Claim**

In his Third Ground for Relief, Snowden claims when his attorney did not press his Fourth Amendment claim to suppress cell site pinging information related to his location in Arizona. As the Report notes, Snowden presented this claim to the Second District on direct appeal as the third sub-claim of his Seventh Assignment of Error (Report, ECF No. 2, PageID 27). The Second District decided the claim on the merits, applying the correct federal standard from *Strickland v. Washington,* 466 U.S. 668 (1984), and the Report concluded this decision was not an objectively unreasonable application of *Strickland*. *Id.* at PageID 30.

Snowden's Supplement continues to disagree with the Second District on the materiality of the cell site data (ECF No. 12, PageID 59-61). Counsel conceded his inability to prove certain facts to undergird suppression of the pinging that occurred in Arizona. Snowden asserts counsel should have "perfected" that evidence ahead of time. The fact remains, as the Second District noted, that there were multiple eyewitnesses to the murder who knew the persons involved. Once the police had located Snowden and he had been extradited from Arizona, the cell site data was unnecessary to prove his guilt at all. Under those circumstances, the Second District's decision was a reasonable application of *Strickland* and is therefore entitled to deference by this Court. *Harrington v. Richter*, 562 U.S. 86 (2011). Thus there is no manifest error of law in the Report.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Amend (ECF No. 7) be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that

the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 24, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #