# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEONTE SNOWDEN,

        Petitioner,      :      Case No. 3:20-cv-463

 - vs -                           District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

ED SHELDON, WARDEN,
  Allen Correctional Institution,

                                      :
        Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION TO AMEND JUDGMENT DENYING PRIOR MOTION TO AMEND

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Request for Reconsideration and Objection to Magistrate's Report and Recommendation and Motion to Amend (ECF No. 17). The Motion addresses the Court's most recent judgment of April 21, 2021 (ECF No. 16) which denied Petitioner's Motion to Amend the Court's prior judgment dismissing this case (ECF No. 3, 4).

Petitioner claims his Motion is authorized under Fed.R.Civ.P. 7 and 52(b)(ECF No. 17, PageID 76). Rule 7 does not authorize any variety of motion, but prescribes the form requests to the Court are to take. Fed.R.Civ.P. 52(b) authorizes a post-judgment motion for additional findings. Then under the sub-title "Legal Analysis," Petitioner relies on Fed.R.Civ.P. 59(e). Both Rule 52(b) and 59(e) have strict filing deadlines of twenty-eight days after judgment which the Court is not permitted to extend. Fed.R.Civ.P. 6(b)(2). If a court reconsidered the merits of the

underlying judgment on a motion under either 52(b) or 59(e) when the motion was made in supposed reference to a decision denying a prior Rule 59(e) motion, it would essentially read out of the Rules the twenty-eight day time limit and deprive the opposing party of the finality to which the Rules entitle it.

Although neither Fed.R.Civ.P. 52(b) nor Fed.R.Civ.P. 59(e) has a textual limit on the number of times a litigant can re-file those motions, the Rules should be interpreted to prohibit raising on a second such motion issues which were or could have been raised on the first such motion. The Federal Rules of Civil Procedure are to be interpreted according to general rules for interpreting statutes. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 163 (1988). In interpreting a statute a court should:

> 1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then
> 2. Interpret the words of the statute immediately in question so as to carry out the purpose as best it can, making sure, however, that it does not give the words either (a) a meaning they will not bear, or (b) a meaning which would violate any established policy of clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169. The evident purpose of the time limits on 52(b) and 59(e) motions is to protect the finality of judgments after the prescribed periods of time. Therefore the Court should not consider the merits of any argument made in the instant Motion which is directed at the Court's original judgment.

Once the merits of the original judgment are excluded from consideration, the instant Motion leaves nothing further to consider. That is to say, Petitioner makes no claim that the judgment denying his prior motion to amend was based on a manifest error of law. Instead, Petitioner's arguments are directed to the original judgment. For example, he states "Petitioner emphatically contends that circumstances regarding the presentation of facts denied him a "full

and fair hearing" in accordance to *Stone [v. Powell*, 428 U.S. 465 (1976)]". At no time during Petitioner's suppression hearing or State appellate review was the "critical and substantive information" excluded." (Motion, ECF No. 17, PageID 78). Again he argues:

> In the case sub judice law enforcement admits that a warrantless acquisition of CSU occurred which in fact violates Petitioner's Fourth Amendment right depriving him of due process of law. This deprivation was further compounded by law enforcement's intentional misrepresentation of "exigent circumstances" when in fact no proof of "fleeing" existed and that law enforcement's usage was merely an act to circumvent warrant requirements because the adducing of the totality of circumstances renders law enforcements assessment a fallacy at best.

*Id.* at PageID 80. Later in the instant Motion he reargues the merits of his ineffective assistance of trial counsel claim. *Id.* at PageID 80-82.

This Court has decided the merits of Petitioner's habeas corpus petition and reiterated its conclusions in response to Petitioner's original motion to amend. The Court should not revisit the merits on the instant Motion which should be DENIED.

May 17, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.